OPINION
Defendant-appellant, Chris A. Miller, appeals his conviction in the Hamilton Municipal Court for cruelty to animals.
On May 30, 1997, Deputy Dog Warden/Humane Officer Julie Flannigan of the Butler County Dog Warden's Office and the Butler County Humane Association ("Humane Association") received phone complaints that livestock and horses on appellant's property appeared thin and malnourished. Flannigan went to appellant's residence at 4447 Morganthaler Road, St. Clair Township, Butler County, Ohio. There she observed cattle and two horses in a small pasture. The horses and some of the cows were visibly thin. Appellant was not home, and Flannigan left a notice at the residence requesting that appellant contact her to resolve the complaint. Appellant did not contact Flannigan.
Flannigan returned to appellant's residence a number of times during the following week. Each time, she was unable to contact appellant and left a notice. A total of five notices were left at appellant's residence. Appellant never contacted Flannigan. On June 6, 1997, Flannigan received further complaints regarding appellant's animals. Again, she visited appellant's residence, and again she left a notice.
On June 10, 1997, Flannigan returned to appellant's residence with Chief Dog Warden Marie Marksberry and Dog Warden Richard Rutherford. Appellant was home, and another man was visiting him. When the officers asked if they could examine the livestock, the man told appellant to demand a search warrant. Appellant did so, and the officers left to obtain a search warrant.
On June 11, 1997, Flannigan and Marksberry obtained a search warrant and returned to appellant's residence with Dep. Roy Chapman of the Butler County Sheriff's Office. At the residence, the officers were confronted by a woman who refused to acknowledge the warrant's validity. She then called appellant at work. Appellant arrived fifteen minutes later. Appellant also refused to acknowledge the search warrant's validity. Dep. Chapman called his supervisor, who arrived at the scene about thirty minutes later. At that time, the search warrant was executed.
The officers were taken to appellant's barn where appellant was keeping the two horses, a gelding and a mare, in a single ten-foot-by-ten-foot stall. The stall floor was primarily dirt, and there was little or no feed, hay or water available to the horses. A visual inspection of the horses revealed that they were thin and lethargic.
Dep. Dog Warden and Humane Association Officer Julie Holmes arrived at the scene at that time. She evaluated both horses for appearance, body weight, body fat, and other health characteristics. Both horses scored poorly. The horses were emaciated with bones showing prominently and insufficient body fat. Holmes found hay and grain in the barn, but it was not accessible to the horses. Holmes examined appellant's pasture and concluded that it was too small to support the number of animals which appellant possessed.
Dr. David Croucher, a veterinarian and board member of the Humane Association, also examined the horses at the scene. Both showed signs of malnutrition. The gelding was 150-200 pounds underweight, and the mare was 250-300 pounds underweight. Both horses were lethargic, and blood tests showed low levels of electrolytes and other nutrients. The mare was lame due to a tendon injury which had been only partially treated. Based upon the condition of the horses, the horses were taken by the authorities.
The horses were reexamined by Holmes and Dr. Croucher in late April 1998. At that time, both horses displayed dramatic changes. They had gained weight and become much more active and responsive to their environment. Holmes' evaluation resulted in improved health scores. Dr. Croucher found that the horses' strength and ability to move had greatly increased.
On June 25, 1997, summons were issued against appellant for failing to register two dogs which were not kept on leashes in violation of R.C. 955.01(A)(2), a misdemeanor of the first degree. Appellant was also charged with two counts of cruelty to animals in violation of R.C. 959.13(A), a misdemeanor of the second degree, based upon his failure to provide adequate nutrition to the horses. The failure to register the dogs charges were subsequently nolled.
A jury trial was originally scheduled for July 9, 1997. Over the next ten months, eleven continuances were granted at appellant's request. In the meantime, appellant filed numerous motions. On July 3, 1997, appellant filed a motion styled "proof of dilatory plea." On July 18, 1997, appellant filed a motion styled "entry of written dilatory plea to quash the summons and to dismiss the charges." On July 3 and July 18, 1997, appellant filed demands for a bill of particulars. The city provided a bill of particulars on August 6, 1997. Because appellant refused to enter a plea, the trial court entered a not guilty plea on appellant's behalf on August 7, 1997.
Trial was scheduled to be held on April 3, 1997. Appellant was granted a continuance in which to file pretrial motions. Trail was rescheduled for April 20, 1998. Another continuance was granted because one of appellant's witnesses was unable to attend trial on that day. Trial was rescheduled for May 4, 1998.
On April 20, 1998, the trial court filed an entry denying appellant's motion to dismiss the cruelty to animals charges. The trial court found that the complaint and summons complied with Crim.R. 3 and were sufficient to institute prosecution. The trial court also found that it had jurisdiction over appellant's offenses and that it was the proper venue for trial.
On April 21, 1998, appellant filed a motion for discovery. The city complied on April 27, 1998.
Trial was held on May 4, 1998. During the course of the trial, it was brought to the trial court's attention that one of the jurors knew Dr. Croucher. This juror admitted that he would believe Dr. Croucher's testimony over that of other witnesses. The trial court was forced to declare a mistrial for lack of unbiased, qualified jurors. A new trial was scheduled for May 11, 1998.
On May 5, 1998, appellant filed a motion for further discovery. Appellant also filed a motion to suppress the search warrant and any evidence gained as a result of the search on the warrant. Appellant also filed a motion to impeach the testimony of Dr. Croucher as being biased.
On May 8, 1998, the trial court filed an entry declaring a mistrial and scheduling a new trial. The trial court also filed an entry dismissing appellant's second demand for discovery. The trial court found that the state had fully complied with the first demand for discovery, that the second discovery demand was not timely filed, and that appellant had not shown good cause for further discovery. The trial court filed a third entry denying appellant's motion to suppress the warrant and evidence obtained during the search of his property. The trial court found that the motion was untimely filed. The trial court filed a fourth entry denying appellant's motion to impeach the testimony of Dr. Croucher. The trial court found this to be an issue of credibility for the jury.
Trial was held on May 11, 1998. The city presented the testimony of Flannigan, Holmes, and Dr. Croucher, among others. Appellant testified on his own behalf, and presented witnesses to prove that he had purchased hay in the year preceding the complaints concerning his horses. The jury found appellant guilty of both charges of cruelty to animals. A sentencing hearing was held on May 18, 1998. Appellant was sentenced to a ninety-day jail term on each count, with the sentences to run consecutively. Sixty days of each sentence was suspended. Appellant was ordered to pay a $750 fine on each charge and sentenced to two years non-reporting probation. A condition of the probation was that he could not own horses during that time. Both horses were ordered to be sold for adoption, with the proceeds of the sales to go toward costs incurred by the Humane Association in caring for the horses.
Appellant appeals, raising seven assignments of error. For purposes of convenience, we will address some of the assignments of error together.
Assignment of Error No. 1:
 THE COMPLAINANT IN THIS CAUSE ACTED UNDER THE AUTHORITY OF THE BUTLER COUNTY COMMISSIONERS AS A BUTLER COUNTY DOG WARDEN.
Assignment of Error No. 2:
 THE COMPLAINANT ACTED ON A SEARCH WARRANT OBTAINED UNDER COLOR OF LAW.
 In his first and second assignments of error, appellant raises issues not raised at trial below. Appellant argues that Marksberry, Flannigan, and Holmes were not empowered to investigate the conditions of appellant's animals or to issue citations because they are not allowed to hold the positions of Dog Warden and Humane Association Officer simultaneously. Based upon this argument, appellant asserts that the search warrant was issued without probable cause because these officers were not the proper authorities to seek such a warrant.
Ignoring the fact that appellant has failed to cite any authority to establish the propositions he puts forth, appellant waived any alleged defects in the search warrant and summons. Appellant failed to raise these arguments in the court below, and he may not raise them for the first time upon appeal. Crim.R. 12(G); State v. Maurer (1984), 15 Ohio St.3d 239, 260, certiorari denied (1985),472 U.S. 1012, 105 S.Ct. 2711, rehearing denied, 473 U.S. 924,106 S.Ct. 13. Appellant's first and second assignments of error are overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE BIAS AND PREJUDICE OF THE DEFENDANT BY OVERRULING THE MOTION FOR SUPPRESSION OF THE EVIDENCE AND TESTIMONY OF THE STATE'S WITNESS.
Assignment of Error No. 6:
 THE TRIAL COURT ERRED TO THE BIAS AND PREJUDICE OF DEFENDANT BY OVERRULING HIS MOTION FOR DISCOVERY, FILED 5/4/98 TO COMPEL THE PROSECUTOR TO PROVIDE FULL DISCOVERY REQUESTED ON 4/21/98.
In his third assignment of error, appellant contends that the trial court erred by overruling his motion to suppress. Appellant further contends that the trial court erred by overruling his motion to exclude the testimony of Dr. Croucher. In his sixth assignment of error, appellant contends that his motion for discovery should not have been overruled.
A motion to suppress must be filed within thirty-five days of arraignment or seven days before trial, whichever is earlier. Crim.R. 12(B) and (C); State v. Stamper (1995), 102 Ohio App.3d 431,440. Appellant was arraigned on August 7, 1997, and the trial court entered a not guilty plea on appellant's behalf. Appellant had until September 12, 1997 to file his motion to suppress. Appellant filed his motion to suppress on May 5, 1998. The trial court properly overruled appellant's motion.
Likewise, it was not an abuse of discretion to overrule appellant's second motion for discovery as untimely filed. Crim.R. 16(F) provides:
 A defendant shall make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. *** A subsequent motion may be made only upon showing of cause why such motion would be in the interests of justice.
 Appellant's motion was filed on May 5, 1998, long after August 7, 1997, which would be twenty-one days after appellant was arraigned. Appellant had been provided discovery on April 27, 1998 in compliance with his earlier discovery request. The trial court found that appellant had been provided all discovery required by Crim.R. 16(B), and that appellant had not demonstrated good cause for further discovery.
Nor was it an abuse of discretion for the trial court to overrule appellant's motion to impeach the testimony of Dr. Croucher. The bias of a witness is a matter of credibility, and questions of credibility are left to the province of the finder of fact. State v. Williams (1993), 86 Ohio App.3d 37, 41. This motion raised a matter for the jury to consider, and it was not an abuse of discretion to overrule it.
We find that the trial court did not err in overruling appellant's motions. Accordingly, appellant's third and sixth assignments of error are overruled.
Assignment of Error No. 4:
 THE TRIAL COURT TO THE BIAS AND PREJUDICE OF THE DEFENDANT BY PROCEEDING WHEN THE DEFENDANT CHALLENGED JURISDICTION THROUGHOUT THIS CASE.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED TO THE BIAS AND PREJUDICE OF DEFENDANT BY PROCEEDING WITH KNOWLEDGE THAT THE BILL OF PARTICULARS PROVIDED BY THE PROSECUTION WAS INADEQUATE.
In his fourth and fifth assignments of error, appellant contends that the trial court was precluded from proceeding with his case because appellant challenged the jurisdiction of the trial court and the bill of particulars provided by the prosecution. Appellant asserts that the trial court's decision to proceed with the case violated his right to confront his accusers.
Appellant first contends that the trial court was without jurisdiction because he had filed a dilatory plea before the trial court entered a not guilty plea on his behalf. Dilatory pleas were abolished with the enactment of Crim.R. 12(A). When a defendant refuses to enter a plea, the trial court may enter a plea of not guilty on behalf of the defendant. Crim.R. 11(A). The trial court was empowered to enter a not guilty plea on appellant's behalf when he refused to enter a plea, and it was not an abuse of discretion for the trial court to enter the plea. The territorial jurisdiction of the trial court is governed by R.C. 1901.02(A):
 The municipal courts established by section 1901.01 of the Revised Code have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record.
The trial court's jurisdiction over criminal matters is set forth in R.C. 1901.20(A)(1):
 The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory, unless the violation is required to be handled by a parking violations bureau pursuant to Chapter 4521. of the Revised Code, and of the violation of any misdemeanor committed within the limits of its territory.
 (B) In addition to the jurisdiction set forth in division (A) of this section, the municipal courts established by section 1901.01 of the Revised Code have jurisdiction as follows:
* * *
 The Hamilton municipal court has jurisdiction within Ross and St. Clair townships in Butler County.
 Appellant's offenses occurred within St. Clair Township, which is included in the municipal court's territorial jurisdiction. Appellant was charged with two counts of cruelty to animals, a second-degree misdemeanor. Pursuant to R.C. 1901.20(A)(1), the trial court had jurisdiction over appellant's offenses.
Nor was there any defect in the bill of particulars which would prevent the trial court from proceeding with appellant's case. We first note that appellant's challenge to the bill of particulars was included in appellant's second motion for discovery which was overruled as untimely filed. The trial court nonetheless examined the bill of particulars and found that it complied with Crim.R. 7(E).
Crim.R. 7(E) provides:
 When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense.
 The bill of particulars provided by the prosecutor included appellant's alleged offenses, that those offenses arose out of appellant's failure to provide sufficient food and water to his horses, and that the offenses were alleged to have occurred on appellant's property in St. Clair Township. The bill of particulars also included the dates relevant to the charged offenses. The bill of particulars complied with Crim.R. 7(E), and the trial court did not err in making this finding.
We find that the trial court did have jurisdiction over appellant's offenses and that the bill of particulars complied with Crim.R. 7(E). The trial court properly proceeded with appellant's case. Accordingly, appellant's fourth and fifth assignments of error are overruled.
Assignment of Error No. 7:
 THE TRIAL COURT ERRED TO THE BIAS AND PREJUDICE OF THE DEFENDANT BY FAILING TO PROVIDE A SPEEDY TRIAL.
 In his final assignment of error, appellant contends that his right to a speedy trial was violated. Appellant asserts that his case was scheduled for trial on July 9, 1997, but that trial was not held until May 11, 1998.
Pursuant to R.C. 2945.71(B)(2), it was required that appellant's trial commence within ninety days of the service of summons upon him. This time could be extended by continuances granted on appellant's own motion. R.C. 2945.72(H). If not timely asserted by motion prior to the commencement of trial, speedy trial rights are waived. R.C. 2945.73(B); State v. Trummer (1996), 114 Ohio App.3d 456, 470-471, appeal dismissed (1997),78 Ohio St.3d 1409.
Appellant failed to file a motion prior to the commencement of his trial asserting a violation of his right to a speedy trial. Appellant may not raise this issue for the first time on appeal. Furthermore, appellant's trial did not commence until May 11, 1998 due to continuances granted as a result of motions filed by appellant. See R.C. 2945.72
(H). Accordingly, appellant's seventh assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.